K. H. NAHIGIAN, Doing Business as NAHIGIAN BROTHERS, Respondent, v. FIDELITY & CASUALTY COMPANY OF NEW YORK, a Corporation, Appellant.

In the Kansas City Court of Appeals, June 18, 1923.

INSURANCE: Theft: Where Theft Occurred While Business Was Being Transacted on Premises, the Same Being Open Therefor, Within the Meaning of Policy, Which Did Not Cover Felonious Taking of Property During Said Time, Held There Could be no Recovery. In an action upon an insurance policy which provided that insurer should only be liable for loss by felonious taking of property from premises, "when the premises are not actually open for the transaction of business," *held* that where a rug was stolen from a back room and balcony of plaintiff's shop during the afternoon when the front portion or room thereof were open to customers for the transaction of business, no recovery could be had, and defendant's instruction in the nature of a demurrer to the evidence should have been given, as the use of the word "premises" in the policy meant the whole of plaintiff's premises where business was conducted and included both of the rooms and basement, though the room where the theft occurred was cut off by a curtain or carpet and the public was not allowed therein.

214 M. A.]　　　　　　　　(1)

Appeal from the Circuit Court of Jackson County.—
*Hon. Allen C. Southern,* Judge.

REVERSED.

*Guy M. Cowgill* for respondent.

*Jules C. Rosenberger* and *R. E. Talbert* for appellant.

BLAND, J.—This action, arising in a justice court, is upon an insurance policy. A jury was waived and the cause was tried by the court, resulting in a judgment in favor of plaintiff in the sum of $160, together with a penalty for vexatious delay and attorney's fees. Defendant has appealed.

The policy insured plaintiff's premises located at 929 Grand Avenue, in Kansas City, Missouri, "For all loss by the felonious taking of property, from within the premises, by any person or persons who shall have made entry into the premises at any time during the day or night, when the premises are not actually open for the transaction of business, by the use of actual force or violence, of which there shall be visible marks made by tools or explosives upon the premises at the place of such entry."

Defendant contends that its instruction in the nature of a demurrer to the evidence should have been given for the reason, among other things, that the theft occurred while the premises were open for business and therefore was not under such circumstances as is covered by the policy.

The facts show that plaintiff was engaged in the business of retailing oriental rugs; that his premises, located at 929 Grand Avenue, Kansas City, Missouri, consisted of two rooms and a basement; that the front room faced west on Grand Avenue and the rear room faced east on an alley. The rear room was not immediately

east of the front room but to the northeast and the rooms were connected by an opening about eighteen feet wide and ten feet high. Each of the two rooms had a frontage of about eighteen feet; the front room was about fifty feet long and the rear room about forty feet in length. There was a balcony at the rear and across the back room five or six feet in width and six or eight feet high and on a level with the alley, the floor of the the back room being below the alley. There was a stairway in the back room connecting the floor proper with the balcony. There was a door leading out of the balcony into the alley, which on September 11, 1919, the day of the theft, had a latched screen door which was unhooked by the breaking of the screening from the frame of the door. There was no door between the two rooms but a heavy oriental rug, three-fourths of an inch thick, hung over the opening entirely covering it except for a space of about four feet extending from the top of the rug to the ceiling, but this space was covered by other rugs entirely closing the opening.

Plaintiff and his clerks would go to and from the rooms by pushing aside the heavy rug, but at no time were customers allowed in the back room. The front room was used for a display and sales room, rugs being hung on the walls. No one not familiar with the construction would know on entering the front room that there was any opening between the two rooms or that there was a back room. Plaintiff's business consisted of selling, repairing, cleaning and storing rugs for his customers. The rear room was used as a place to store plaintiff's surplus stock of rugs and those of his customers. The balcony sometimes, but not often, was used in repairing rugs; the basement was used to wash and clean them.

About three weeks prior to the day of the theft plaintiff sold and delivered a rug to one Mrs. Wittenmyer. Some slight defect appeared in it and it had been brought to plaintiff's shop for repair and given to one of plain-

tiff's employees with directions to go on the balcony and there repair it. While in the act of repairing it some customers came into the store and plaintiff at about 1:30 in the afternoon called to the repair man to assist him in exhibiting the rugs. The repair man or clerk continued to so assist plaintiff until a little after four o'clock when it was discovered that the screen door had been broken open and the rug stolen from the balcony. There were no persons on the premises except plaintiff, his customers, the clerk who was with plaintiff at the time and another clerk in the basement washing a rug.

Plaintiff testified that if a customer had brought in a rug to be stored at the time the theft occurred, he would have stored it in the back room; and if he had received a shipment of goods, he would have done likewise; that if a customer had brought in a rug to be repaired or to be cleaned that he would have accepted it. Under these circumstances it is claimed by the defendant that the back room and balcony were a part of the premises that were open for the transaction of business at the time of the theft. The policy provides that there should be liability only where the loss occurs "when the premises are not actually open for the transaction of business."

We think defendant's contention is well taken. The policy in the use of the word "premises" meant the whole of plaintiff's premises where the business was conducted. This would include both of the rooms and the basement though the room where the theft occurred was cut off by a curtain or carpet and the public was not allowed in it. The two rooms and basement constituted plaintiff's premises. The back room and basement were used in conjunction with the business he carried on, the three rooms were connected and comprised one "premises" within the meaning of the policy. Business was being transacted on the premises and they were open for the transaction of business within the meaning of the policy.

The judgment is reversed. All concur.